## COMPENSATION FOR PUBLIC OFFICERS IN ADDITION TO THEIR SALARIES.

Circuit Court of Carroll County.

THE STATE OF OHIO, FOR THE USE OF CARROLL COUNTY, BY D. O. RUTAN ET AL, v. GEORGE S. TINLIN ET AL.

Decided, November Term, 1907.

*Officer and Officer—Compensation to County Auditor—For Services in Furnishing Blanks to Assessors—Commissioners Without Authority to Allow—Sections 1029, 2749, 1069 et seq, 1077, 1078, 1528 and 2729.*

1. Public officers are not entitled to compensation in addition to their salary for services required of them by statute, unless the statute provides therefor in express terms; and as Section 1029, Revised Statutes, does not expressly so provide, county auditors are not entitled to additional compensation for services in furnishing blanks to assessors.

2. If the provisions of this section could be construed to mean that auditors are entitled to extra compensation for their services in furnishing such blanks, as no rate therefore is named therein, or in the sections that specify the rates by which all services of such auditors shall be estimated, Sections 1077 and 1078 forbid the allowance by the commissioners of such compensation and render the same unlawful.

Brief of Fimple & Eckley, on behalf of defendants:

There are just three questions for determination in this case—one of fact, and two of law, viz.:

1. Did Mr. Tinlin in securing the allowance of the claim involved make any misrepresentation or practice any deception or fraud on the commissioners?

2. Do the provisions of Section 1029 of the Revised Statutes furnish the basis for any legal claim for compensation to the auditor?

3. What effect or application, if any, has the statute of limitations in this case?

*First.* As to the question of fact, it is only necessary to say that the record is not entirely barren of any evidence whatever

tending to show any misconduct on the part of Mr. Tinlin, but on the contrary the evidence does show and the lower court so found, that this claim was allowed in the open, on its merits, after full consideration and discussion by the commissioners in the presence of their legal adviser, the prosecuting attorney.

*Second.* In determining the question as to whether there is any statutory provision upon which to base a legal claim for compensation for services rendered by the auditor in furnishing blanks to the assessors, we desire to call attention to Sections 1029, 1528 and 2749 of the Revised Statutes of Ohio.

Our contention is, that it was the purpose and province of Section 1029 to provide for the allowance of reasonable compensation to the auditor for his services rendered in furnishing the several assessors with necessary blanks, and that it was the purpose and province of Section 1528 to provide for the payment of the cost of the blanks themselves.

This, we submit, is the plain ordinary meaning of the language employed in the respective sections. Eliminating from Section 1029 the clause which is descriptive of the blanks, the section reads:

"The auditor shall furnish the several assessors all blanks, and all reasonable charges therefor shall be allowed by the county commissioners and paid out of the county treasury."

The word "therefor," as used in this section is an adverb, and means *"for this, that or it,"* therefore inserting the meaning of the word in lieu of the word itself, and you have the substance of the provision as follows: "All reasonable charges," for this, that or it, viz., for the auditor furnishing the several assessors all blanks, "shall be allowed by the county commissioners, and paid for out of the county treasury." In other words, it is equivalent to saying the auditor shall furnish the several assessors all necessary blanks, and for *this* (furnishing) he shall be allowed all reasonable charges.

It is plain that the charges authorized to be allowed by this section are not for *material,* but for *doing* something, and that something is the services rendered by the auditor in furnishing to the several assessors the necessary blanks.

Similar analysis of the language used in Section 1528 makes it equally plain that this section provides for the payment of the blanks themselves. Eliminating from this section the clause descriptive of the blanks, it provides as follows: "The county auditor shall furnish to all assessors all blanks, which shall be paid for out of the county treasury." Grammatically, there can be no doubt that the word "*blanks*" is the antecedent of the word "which," and it necessarily follows that it is the *blanks* for which payment is provided by this section.

We therefore submit that a plain reading of the language used in these two sections, makes it clear that the one was intended to authorize a reasonable compensation to the auditor for his services rendered in furnishing blanks to the several assessors, and that the other was intended to authorize and provide for the payment of the blanks so furnished; but if there is any doubt as to this being the correct construction of the respective sections, we think a careful consideration of the origin of the provisions as now contained in Sections 1029, 1528 and 2749, will wholly remove such doubt.

Section 1029 in exactly its present form is derived from Section 18 of the act of April 18, 1870 (67 O. L., page 103). *Now bearing in mind the date of the enactment of this provision,* let us see what the status of the law, in so far as it is now embraced in Sections 1528 and 2749, was at the time the provision now contained in Section 1029 was enacted. Section 1528 is derived from three acts as follows: Act of February 5, 1859 (S. & C., 87), requiring the auditor to furnish the assessors blanks for securing statistics relative to sheep killed or injured by dogs, etc.; act of March 26, 1861 (O. L., 58, p. 40), requiring the auditor to furnish assessors blanks for securing statistics relative to the deaf, dumb, blind, insane, or idiotic persons, etc.; and the act of March 31, 1866 (S. & S., 21), amendatory of the last mentioned act, and it is important to note that none of these acts contained any express provision authorizing payment of the cost of the blanks out of the county treasury, although it certainly was clearly implied, as it could not have been the legislative intent, that the auditor should himself pay out of his

own pocket the cost of the blanks; hence the codifying commission at the time of the preparation and adoption of the Revised Statutes, in 1879, inserted the express provision to that effect which now constitutes the last clause of Section 1528, as follows, "which shall be paid for out of the county treasury." Further, Section 2749 is derived from Section 56 of the act of April 5, 1859 (O. L., 56, page 200), which required county auditors before the 15th of April, annually, *to make out* the blank forms and instructions for township assessors and forward them to the township clerks; and the amendatory act of April 13, 1865 (O. L., 62, page 144), which substantially conforms to the provision now contained in the last paragraph of Section 2749, but there was no provision that the state auditor should furnish the county auditor a sample blank form for the listing of property as now provided in said section, until the amendment by the act of March 13, 1891 (88 O. L., page 96).

It will thus be seen that from 1859 to 1866 there were various laws enacted requiring county auditors to furnish township assessors with various forms of blanks necessary, not only to the listing of property for taxation, but for the gathering of various kinds of statistics. And the duty was enjoined upon the auditors of instructing the several assessors as to the manner of using the blanks so furnished. And while in none of the acts was there any express provision that the cost of the blanks themselves should be paid out of the county treasury, as before stated, it certainly was fairly implied, so that when the Legislature in 1870 enacted the provision which now constitutes Section 1029, it certainly was not the legislative intendment to thereby provide for the payment of the blanks, but was intended to provide reasonable compensation to the auditor for his services in furnishing the various blanks required of him. And this must have been the view and construction adopted by the codifying commission in 1879, for after the commission had embodied in the Revised Statutes Section 1029 and came to a consideration of the provisions of law, which now constitute Section 1528, they expressly inserted that which was plainly therefore implied, viz., a provision that the blanks should be paid for out of the county

treasury. *This we submit ought to be absolutely conclusive of the correctness of our contention as to the construction to be placed upon these two respective sections.*

It was the business of the codifying commission to bring together all statutes relating to the same matter, to reconcile contradictions, and to omit all redundant and superfluous provisions. And it is wholly unreasonable to believe that these two sections would have been adopted in their present form, unless the construction herein contended for was the true construction placed upon the respective sections by the codifying commission.

Aside from the foregoing considerations we respectively submit that the Circuit Court of Delaware County, in the case of *The State* v. *Lewis* (unreported), decided July 2, 1903, a transcript of which case is before this court, expressly held that the provisions contained in Section 1029 are sufficient to form a basis for a legal claim by the auditor for compensation for services rendered in furnishing the several assessors blanks. That was an action instituted by the prosecuting attorney against Lewis, as auditor, to recover back certain moneys which had been paid to him as auditor. The petition in that case (see 40 and 41 causes of action) expressly states that the sums therein claimed was paid to Lewis, as auditor, out of the county treasury, "as *compensation* for alleged *services* for preparing and supplying the assessors with blanks under Section 1029 of the Revised Statutes." And the answer of Lewis (see third defense) expressly states, "that each and every of said several amounts so received by said Lyman P. Lewis, upon the accounts presented to and allowed by the commissioners and so by the commissioners paid said Lyman P. Lewis, were for *lawful services* by the said Lyman P. Lewis theretofore performed as such auditor and for which he was entitled to charge and receive the several amounts paid him."

The agreed statement of facts (see last paragraph) is as follows:

"It is further agreed that as to the causes of action 40 to 41, both included, that said Lewis, as auditor of Delaware county, received the amount shown in said causes of action at the time

therein stated; that said amounts were paid to said Lewis for preparing and supplying the assessors of Delaware county with necessary blanks under Section 1029, Revised Statutes; that he presented bills therefor to the county commissioners of Delaware county, who, after due consideration, allowed the same as proper and just compensation to said auditor for the *services* so rendered."

The finding of the circuit court (see journal entry) shows that the court held that the common pleas court erred in overruling the general and special demurrers filed by defendant to each and every cause of action, from the 10th to and including the 41st causes of action and erred in rendering a judgment against the defendant below, "upon causes of action 40 to 41 both inclusive, for the further reason that said judgment is not supported by the law and is contrary to the evidence, as shown by the agreed statement of facts."

It will be noted that both the pleadings and the agreed statement of facts in this case, expressly stated that Lewis' claim was a claim as *compensation,* and was a claim for *services* rendered as provided in Section 1029.

In view of these express statements, how can it possibly be contended that the circuit court did not expressly hold that the provisions of Section 1029 furnished the basis for a legal claim of compensation for services rendered in furnishing assessors blanks as therein provided. The State Bureau of Inspection has so construed it and applied it in every county of this state, from the time the decision was rendered until the present. See defendant's Ex. H, being letter addressed to Auditor Marshall of this county, from the State Bureau, under date of January 21, 1905, wherein it is stated in answer to the auditor's inquiry that:

"Our holding is that the auditor is entitled to a reasonable compensation for furnishing the blanks, etc., to the assessors. Our finding is based upon the decision of the Circuit Court of Delaware County, that being the only decision on the subject that we know of."

See also letter of Attorney-General Ellis to Hon. John A.

Eylar, Prosecuting Attorney Pike County, Ohio, under date of June 9, 1904, wherein he states:

"In reply to your communication of the 6th inst., concerning compensation to county auditors for furnishing blanks, advice and instructing assessors, I beg leave to say it has been held by one of our circuit courts that the auditor is entitled to compensation for preparing and supplying the assessors necessary blanks, as provided in Section 1029, R. S. I am of the opinion that the auditor is not entitled to any compensation under Section 1528, as that section provides particularly for the payment for necessary blanks," etc. (Annual Report of Attorney-General Ellis for 1905, page 181.)

Third. The provisions of Section 1029, therefore, having furnished a legal basis for the claim involved herein, and the same having been regularly presented to, considered and allowed by the county commissioners, we submit that their action is absolutely final, unless the same is impeached for fraud or gross abuse of power, neither of which elements can be found in this case; that the action of the commissioners is final herein, see the following: *Board of County Commissioners of Wood County, et al* v. *Robert Pargillis*, 10 C. C. Rep., 376-386-388; *Ephriam Ridenour et al* v. *The State of Ohio*, 14 C. C. Rep., 393-396-399-400; *Walter Plessner* v. *John L. Pray et al*, 6 N. P., 444-446; *Board of Commissioners of Hamilton County* v. *Noyes*, 35 O. S., 201, paragraph 3, syllabus.

The same doctrine is recognized in the case of *Jones, Auditor,* v. *Commissioners,* 57 O. S., 189-211-213-216. And in the case of *The Printing Company* v. *State,* 68 O. S., 362-367-369-370.

That the statute of limitations has no effect upon or application to this case whatever, we think is made clear by the following: *Fisher's Executor* v. *Moseman et al,* 11 O. S., 42-46; *Taylor et al* v. *Thorne, Administrator,* 29 O. S., 569-573; *Commissioners* v. *Ziegelhofer,* 38 O. S., 523; *Stewart* v. *Logan County,* 2 C. C. Rep., 134-135; *Taylor* v. *Fitch,* 12 O. S., 169; *Chinn* v. *Trustees,* 32 O. S., 236.

We do not believe that the Legislature intended that the auditor could receive no compensation for services, unless they

were of the character that a claim therefor could be made out in detail according to the rates named in sections preceding 1077. And yet Judge Harter in his opinion places a great deal of emphasis upon that and appears to regard the fact that the claim could not be thus made out as precluding any allowance for the services.

In *Jones, Auditor, v. Commissioners,* 57 Ohio State, it is said in the opinion:

"That the right to present depends upon whether the claim be one, the rate of which is fixed by statute, and also whether the claim for some amount may be legally paid from the treasury. Both these conditions must concur. But if the rate is not fixed, or if the claim is not legally so payable, no right to present it is given and there is force in the proposition, that if no right to present be given, then no power to allow could be implied, and if no power to allow, then the attempted allowance would be a nullity."

Surely the Supreme Court had in mind claims for services which could be made out in detail, and for which the statutes had provided rates, and this must be the true meaning of the statute and not because no rate is provided, or that it is impossible to make out a claim in detail according to any specified rate, that therefore the claim is illegal and void. If that be true, then there could be no compensation to the auditor for services rendered under Section 4064 for services in transmitting to the commissioners of common schools reports and returns of common schools statistics. The section reads:

"The commissioners of each county shall allow the county auditor, annually, a reasonable compensation for his services under this title, not to exceed $5:00 for each city, village, special, and township school district in his county, to be paid out of the county treasury."

It is just as important to make out a claim under this section in detail according to the rates named in the sections referred to in Section 1077, as it would be under Section 1029, and yet nobody doubts but what an auditor can be lawfully compensated for services under this section.

The sections included in chapter 4, title 8, are not the only sections that provide for compensation to county auditors.

For instance, he is entitled to compensation under Section 1536-91 for keeping the record of the plat commission, under Section 2625, and for services under 3501a, the fees being provided in 3502. Again in 4451a, fees in ditch cases; making record, etc., in 4506; in county ditch cases, 4507, which provides that:

"All fees under this chapter shall be paid out of the county treasury, as soon as the bill of items thereof is examined and allowed by the commissioners, and the auditor shall issue orders therefor on such allowance; and for all amounts so paid, except to the commissioners, auditor and probate judge, the commissioners shall order the general county funds to be re-imbursed for the money raised for the respective improvements."

There is no rate provided in any of these sections such as is mentioned in 1077; the rates therein referred to are the rates provided for in those sections of that chapter that is provided a rate; and so the Legislature when it enacted 1077 and 1078 and Judge Spear when he used the language quoted herein from *Jones* v. *Commissioners* can not be held to have meant anything else than that Sections 1077 and 1078 were applicable only to those sections in chapter 4 of title 8, which provided a rate of compensation. And it did not mean and could not mean in view of the subsequent sections referred to herein to say that an auditor could not be paid for any services except that for which he could make out a claim in detail according to the rates named in Sections 1069, 1071, 1073, 1074 and 1075, the only sections that precede 1077 which provide a rate. These sections commencing with 1536-91, and including 2625, 3502, 4064, 4451a, 4506, 4507 and 4849, all provide for lawful compensation to the auditor, and yet not one of them provides for the rates referred to in Section 1077.

*W. L. Handley* and *J. C. Oglevee*, for plaintiffs.

*Fimple & Eckley*, for defendants.

LAUBIE, J.; BURROWS, J., concurs; COOK, J., dissents in a separate opinion.

The case of the State of Ohio, for the use of Carroll County, by D. O. Ruthan et al v. George S. Tinlin et al, is brought here upon appeal and submitted to the court upon the evidence and the arguments of counsel.

The action is brought for the purpose of enjoining payment of a certain sum of money to Mr. Tinlin, auditor of this county. This claim was presented by him to the present commissioners, they allowed it and ordered it paid, and this suit is brought to restrain that payment.   The claim was for services in furnishing blanks to the seventeen assessors in the county, while he was such auditor, in the years 1900 to 1905 inclusive.   The amount claimed by the auditor was four dollars ($4) each year for each assessor, making a total of four hundred and eight ($408) dollars, which the commissioners allowed, under Section 1029 of the Revised Statutes; which reads as follows:

"The auditor shall furnish the several assessors all blanks, necessary for their use in the discharge of the duties enjoined on them by law, and all reasonable charges therefor shall be allowed by the county commissioners, and paid out of the county treasury."

It is therefore up to us to determine as a matter of law whether or not the auditor was entitled to pay for such services, and whether the commissioners had authority to order its payment.   It has long been the duty of county auditors to furnish blanks to assessors for specific or for general purposes, but the forms therefor were and are furnished such auditors by the Auditor of State (Section 2749, Revised Statutes); so that the services performed by the auditor in this instance were simply procuring the printing of the blanks, according to the forms thus furnished, and distributing them to the assessors, as substantially provided in said Section 2749, as well as in said Section 1029.

Said Section 1029 may possibly be construed in more ways than one, and its construction depends upon the meaning to be ascribed to the phrase "all reasonable charges therefor."   To what does it refer?   What is to be paid for?   The principal

definitions of the word "charge," as thus used, are price, cost
—the price or cost of an article or thing named, in this in-
stance the blanks.   Such auditor is required to furnish all as-
sessors in his county each year while in office all necessary.
blanks, and the charges—the prices or costs he has paid or agreed
to pay for the blanks—are what are to be paid out of the coun-
ty treasury.   Thus defined, the charges—prices or costs—have
reference solely to the articles named—the blanks—and could
not have reference to his services.   While it might possibly be
construed to mean payment for either or for both, the clearest
interpretation to be put upon it is that it refers solely to the
blanks.

However, if this clause of this section can be considered as sub-
ject to a double interpretation, there can be no legal basis for the
compensation claimed, because public officers of this character are
not, entitled to extra fees or compensation for services, unless
specifically provided for and expressly defined in the statutes.
Mere ambiguous phrases, that may be construed in different ways,
are not sufficient upon which to base a claim, and to authorize the
commissioners to order its payment, especially where a definite
salary is given such officer for his general services.

It has been uniformly held by the Supreme Court that, in
order to entitle an officer to extra compensation, the statute
must be definite in its terms, so as to admit of no double interpre-
tation.   That such compensation can not be allowed upon an
implication, and while we think the only clear and definite mean-
ing to be ascribed to the words of such clause in said section is
the cost of the blanks, the same result must follow if the words
will admit of a double interpretation.   From the use of such
phrase the Legislature may well be considered as having intended
the services of the auditor to be covered by his salary.   If the
Legislature intended that the auditor should be paid for his
services in addition to the cost of the blanks, it would undoubt-
edly have so provided in express terms, as it did in Section 1075
in regard to filing away the tax returns of the assessors, for
which they receive 25 cents for each township; and as it did in
every other instance where it intended to confer special compen-
sation in addition to such officers' annual salary.

When Mr. Tinlin became auditor, said Section 1029 and Sections 1069 to 1078 inclusive, of Title 8, Chapter 4, Revised Statutes of 1880, under subdivision "County Auditors," were in force and defined the duties, services, compensation and fees of such auditors, and prescribed the rates by which such compensation should be computed for all claims payable out of the county treasury, none of which specify or relate to services in furnishing blanks to assessors. Section 1069, 1070 and 1072, fixed and named a ratable per annum salary for the general services of such auditors, according to population, and Section 1071, 1074 and 1075, an additional compensation for services in special matters therein named. Section 1073 specifies the amount of fees that the auditor may charge and receive in performing for individuals the duties therein specified; and Section 1076 an allowance for clerk-hire.

In none of these sections providing for compensation to auditors for services to be paid out of the county treasury, or otherwise, are the services involved herein referred to in any manner; and even if said Section 1029 could be construed to include payment for services of the auditor, Section 1077 is inconsistent therewith, and absolutely prevents the allowance by the commissioners of any compensation therefor, as follows:

"Section 1077. All claims for services of the county auditors, which are payable from the county treasury, shall be made out in detail according to the rates named in the foregoing sections, and shall be presented to the county commissioners, who, if satisfied that the services have been performed shall allow said bill or claim."

The word "rates," as here used, means of course the compensation to be paid to the auditor for his services, as specified in those sections, including the rates specified in the statutes referred to in said Sections 1071, 1074 and 1075, and the commissioners could not allow the auditor compensation for any other services than those named as to which a rate—amount of compensation—was provided. Neither auditor nor commissioners had any right to create a rate of compensation. It could only be such as was named in the statutes, and if none was named for

services therein required to be performed, none could be allowed. And that is the case here. In none of those sections or statutes are the services in furnishing blanks to assessors named or referred to, or any rate specified therefor, and consequently none can be allowed.

As the provisions of said Section 1077 apply to *all* claims for services, the auditor, therefore, or the commissioners could not fix the money value of his services according to his own estimate of their value, as was done in this case. It must be determined according to the "rates" named in the sections which define his compensation, and none other could be allowed by the commissioners; and none of such rates include, or apply to, the services involved in this case. In addition thereto Section 1078 expressly precludes it and makes it unlawful for an auditor to charge or receive any other or further fees or compensation than such as are named in Sections 1069 to 1076 inclusive.

"Section 1078. The fees and compensation provided for by the foregoing sections shall be in full for all services lawfully required to be done by the auditors of such counties; and it shall be unlawful for any county auditor to charge or receive any other or further fees or compensation, either as clerk of any board, or for any other services rendered by him."

Applying this section to the case in hand, where the compensation is to be paid out of the county treasury, if paid at all, the sections referred to therein as "the foregoing sections," are the same sections referred to in the same words in the preceding Section 1077, to-wit, the sections which define the *rates* by which *all* claims for services of county auditors are to be computed, and none of which rates refer or apply to the claim for services in furnishing blanks to assessors. If there could be any doubt as to this, then no specific compensation could be allowed for such services, as compensation for a specific act can not be allowed unless clearly and definitely specified in the statute. So that if the Legislature intended by the provisions of said Section 1029 to allow compensation to the auditors for their services in furnishing such blanks, it rendered such intent nugatory by the provi-

sions of said subsequent Sections 1077 and 1078—whether intentional or not is immaterial, as the language is plain and explicit.

By the enactment of said Sections 1077 and 1078, no compensation for any other service than those specified in said subdivision of Title 8, Chapter 4, as to which a rate of compensation was provided for, could legally be claimed or allowed unless expressly provided for in some subsequent section or statute. So that if said Section 1029 could be construed to mean that the services of the auditor was what was to be paid for, it would be repugnant to the explicit provisions of such subsequent Sections 1077 and 1078, as no rate is named in said Section 1029.

In *State* v. *Hamilton*, 47 O. S., 69-70; it is declared, in regard to such repugnancies, that "it is one of the settled rules of construction that when, in a statute, there are several clauses which present · * * * an irreconcilable conflict, the one last in order of date, or local position, must prevail, whether the conflicting clauses be sections of the same act, or merely provisions of the same section."

The question presented and discussed as to sections subsequent to 1078, providing for payment for services, has nothing to do with this case. If it had, the rule as laid down in *Cincinnati* v. *Connor*, 55 O. S., 82, would probably determine it against the defendants in error.

A number of such subsequent sections are the ones named in Sections 1071, 1074 and 1075, heretofore referred to, and in every one of them a rate is specified for the services therein required, none of which relate to the services involved in this case.

In May, 1902, the Legislature amended said Section 1069 by fixing the rates of the auditor's salary by a percentage on all moneys collected by the county treasurers, and repealed said Sections 1069, 1070 and 1072, but Sections 1071, 1073, 1074, 1075, 1076, 1077 and 1078 were not, and remained in force as before. Such amendment and repeal therefore in no manner affects the question we have here.

Section 1528 of the Revised Statutes has no effect upon the construction to be given to the provisions of said Section 1029; and we can not see how it can help the contention of the defend-

ants.  Section 1528 is Title II, in Chapter 2 under the heading "Officers of Civil Townships," subdivision "'Assessors"; and provides that "county auditors shall furnish to all assessors all blanks needed by them for the listing of property, gathering and returning statistics, and other official duties, which shall be paid for out of the county treasury"; and in effect is merely a duplicate of Section 1029, as such claim could not be paid until allowed by the county commissioners, and legally they could allow only a reasonable sum.

Further, Section 1029, Sections 1069 to 1078 inclusive, differently numbered, were in force before their re-enactment in 1880; and while other statutes required the auditors to furnish blanks to assessors for certain purposes, said Section 1029 was the only statute on the subject of general scope and that provided for payment until said Section 1528 was enacted in the revision of 1880, and it evidently was not intended to, and it did not expressly, or by implication, modify in any manner the meaning of Section 1029, or the effect of the provisions of said Sections 1077 and 1078 which, for the reasons heretofore assigned, precluded the award of any compensation for furnishing the blanks, even if said Section 1029 could be construed to mean that such auditors should be compensated for their services in furnishing such blanks.

The Legislature at times duplicate statutes, and did in this instance  deem it prudent in the revision of 1880, to duplicate in effect the provisions of said Section 1029.  It not only duplicated the provisions of Section 1029, but triplicated it as to the auditor's duty in Section 2794, Revised Statutes, as re-enacted in March, 1891.

It is true that this question was settled otherwise by the Circuit Court of Delaware County, in case of *The State, for use, etc.,* v. *Lewis, Auditor, et al,* wherein it was sought to recover back money paid him for services in furnishing blanks to assessors, as in the case at bar; and the courts in that county held in his favor.  In other words, that the auditor was entitled to such payment.  Thereupon the case was carried to the Supreme Court on error, but was never heard in that court, as the parties disposed of it themselves.

However, the Supreme Court, in a former case between the same parties, *Lewis et al v. The State, for use, etc.*, 57 O. S., 189, disposed of in connection with the case of *Jones, Auditor*, v. *Commissioners of Lucas County,* settles the question made here upon principle, and shows clearly that a county auditor is not entitled to any compensation for services in furnishing blanks to assessors under said Section 1029. The court, in that case, denied the right of Auditor Lewis to compensation for any of nine different specific acts performed by him as required by the statutes; in regard to which, as declared in the opinion, p. 211, ''No extra compensation is provided by statute, at least, not clearly so.'' In disposing of the case, Judge Spear says, page 211 *et seq:*

''Sections 1069 and 1071, Rev. Stat. of 1880, provide a salary to county auditors, from eight hundred to forty-four hundred, depending upon population. Sections 1071, 1073, 1074, 1075 and 1076 provide further compensation for services in special matters therein enumerated, but none of them relates to the subject of inquiry here.''

That in order to entitle the auditor to any extra compensation the statute must be clear and explicit, and that such compensation ''can not be allowed upon an implication'' and that the right of the commissioners to pass upon and allow such claims is a very narrow one. That Section 1077 ''is to the effect that *all claims for services of the auditor,* which are payable from the county treasury, shall be made out in detail *according to the rates fixed by the statute,* and presented to the commissioners, who, if satisfied that the labor has been performed, shall allow the bill, etc., and then the auditor is authorized to draw his warrant. That is, the right to present depends upon whether the claim be *one the rate of which is fixed by statute,* and upon whether the claim for some amount may be legally paid from the county treasury. *Both* conditions must concur, but if the *rate is not so fixed,* or if the claim is not legally so payable, no right to present it is given, and there is force in the proposition, that if no right to present be given, then no power to allow could be implied; and if no

power to allow, then the attempted allowance would be a nullity." (The italicizing is mine.)

The opinion thus announced, and the provisions of Sections 1077 and 1078, justify the right to the injunction asked for in this case. There is no "rate" specified in either of the sections referred to by which compensation for services in furnishing such blanks could be determined and fixed; and that of itself prevented any allowance of extra compensation therefor, even if the terms of said Section 1029 were plain and unambiguous.

For the reasons stated, decree will be entered in favor of the plaintiff as prayed for.

Cook, J., dissenting.

I can not concur with my associates in the conclusion to which they have arrived.

There is no question but that the defendant is not entitled to the money except the statute provides that he shall be paid for his services; otherwise the presumption is that he performed the services gratuitously, or that he is compensated by his general salary. Such is the uniform holding of our Supreme Court. The question then is: Does Section 1029 provide for such payment? My associates think not, while to me it seems that it does.

The learned judge who writes the opinion, says that the words "All reasonable charges therefor" refer to the blanks. We do not so construe the words.

The subject of the section is the duty of the auditor and not payment for the blanks. If it meant the charges or compensation for the blanks why say "reasonable charges"; certainly the auditor would be entitled to the cost of the blanks if he paid for them in good faith, whether reasonable or unreasonable. Furthermore why should the auditor be allowed for the charges of the blanks? The blanks are procured by the county and not the auditor. He is under no obligation to pay for them and the county under no obligation to pay him for them. No, the words "All reasonable charges therefor" refer to the services of the auditor.

It seems to me that Section 1528 has an important bearing upon the question and materially helps to sustain the contention of

defendants.    That section provides:  "The county auditor shall furnish to all assessors all blanks needed by them for the listing of property, gathering and returning statistics, and other official duties, which shall be paid for out of the county treasury."

Concededly this refers to the payment for the blanks.    The county auditor must secure the blanks for the county and pay for them out of the county treasury.

My associate who writes the opinion in this case says this is but a duplication of Section 1029.    True, if his contention is correct that the blanks are referred to in both sections, but in 1029

"All reasonable charges therefor" are to be paid (Sec. 1528 was passed many years prior to Sec. 1029) and why duplicate the sections.   It would certainly be very absurd for the Legislature to do so, and therefore both sections should stand and be held as applying to different subjects if such construction can be fairly placed upon the sections.   .

But it is said by my associate that conceding Section 1029 applies to the payment of the services of the auditor, yet the auditor is not entitled to any pay for the reason that Sections 1077 and 1078 provide that the auditor shall only receive compensation in special cases, when the rate is fixed by the statute and that the claim must be made out in detail according to the rates specified. I do not think that Sections 1077 and 1078 apply to the case under consideration.    These sections only apply to cases specified in Sections 1069 to 1076 inclusive.    Section 1077 says distinctly "shall be made out in detail according to the rate named in the foregoing sections," which are the sections I have named. They could not apply to all services performed by the auditor, as there are services performed by him that the compensation is not fixed at a specified sum or rate, but is left to the discretion of the commissioners.    Take for instance services performed under the provisions relating to boards of education.    Section 4064 provides:

"The commissioners of each county shall allow the county auditor, annually, a reasonable compensation for his services under this title, not to exceed five dollars for each city, village, special and township school district in his county, to be paid out of the county treasury."

Again under Section 4898, relating to improved roads, the auditor is to serve as clerk of the board of directors, which is the commissioners, and in Section 4903 it is provided that the clerk shall receive such compensation as shall be agreed upon by the board, but not to exceed two dollars and fifty cents per day for time actually employed.

In neither of these cases is the amount or rate of compensation fixed. Yet shall it be said the auditor is not entitled to compensation.

By taking time no doubt other sections might be referred to of like character and they tend to show, as we have said, that Sections 1077 and 1078 are intended only to apply to the services directly referred to in the preceding sections.

There is another fact worthy of consideration and that is that Section 1029 has remained on the statute books as it now is for at least forty years, and during all that time county auditors have received compensation for their services in preparing and furnishing blanks to assessors without any question being made; the state bureau of public inspection officially approving the payment. Furthermore the Attorney-General of the state in a written opinion to the prosecuting attorney of Pike county, June 9th, 1904 (see annual report of Attorney-General Ellis for year 1905, page 181) has said that they are entitled to be paid for their services under Section 1029.

In addition to this as stated by my associate in his opinion, the Circuit Court of Delaware County in the case of *The State, for use, etc.,* v. *Lewis, Auditor, et al,* decided July 2d, 1903, unreported, a case precisely similar to the one we have, by a unanimous court held that under Section 1029 auditors were entitled to payment for their services for preparing and furnishing blanks to assessors. This being so, a co-ordinate court should hesitate to hold otherwise unless it was very clear that such other court was wrong in the prior holding.

The question involved in this case was not before the court in the case of *Jones, Auditor,* v. *Commissioners,* 57 O. S., 189, and that case has no bearing upon it.

For these reasons I do not think an injunction should be allowed.